1 Lynda T. Bui - Bar No. 201002
  LBui@shulmanbastian.com
2 Timothy K. McMahon - Bar No. 342843
  tmcmahon@shulmanbastian.com
3 **SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
  100 Spectrum Center Drive, Suite 600
4 Irvine, California 92618
  Telephone:    (949) 340-3400
5 Facsimile:    (949) 340-3000

6 Attorneys for Charles Daff, the Chapter 7 Trustee

7

8 **UNITED STATES BANKRUPTCY COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

10

| 11 In re | Case No. 6:25-bk-12346-SY |
|---|---|
| 12 STONEWAY CAPITAL CORPORATION, | Chapter 7 |
| 13 Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO OPERATE DEBTOR'S** |
| 14 | **BUSINESS UNDER 11 U.S.C. § 721; MEMORANDUM OF POINTS OF** |
| 15 | **AUTHORITIES; DECLARATION OF CHARLES DAFF IN SUPPORT** |
| 16 | **THEREOF.** |

17

18

19 Hearing to be set per Application for OST:
   Date:       TBD
20 Time:       TBD
   Courtroom:  302
21 Place:      3420 Twelfth Street
               Riverside, CA 92501

22 **TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE**

23 **OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES**

24        Charles W. Daff, in his capacity as the duly appointed and acting chapter 7 trustee

25 ("**Trustee**") of the bankruptcy estate ("**Estate**") of Stoneway Capital Corporation ("**Debtor**")

26 submits this motion for limited authority to operate Debtor's business ("**Motion**"), for a limited

27 period of 180 days in order to allow Trustee to continue administering assets of the Estate. In support

28 of the Motion, Trustee respectfully represents the below:

# I. <u>SUMMARY OF ARGUMENT</u>

Under 11 U.S.C. § 721, a bankruptcy court may authorize a chapter 7 trustee to operate a debtor's business for a limited period if doing so serves the best interests of the bankruptcy estate and is consistent with an orderly liquidation.

In this case, Debtor is a California corporation which specialized in leasing and financing commercial vehicles and equipment. Debtor's Schedules (defined below) indicate that there are approximately $1,452,523.00 in accounts receivable relating to these leases. These receivables are of critical value to the Estate and offer the most viable path to recovery for unsecured creditors. To preserve and maximize this value for the benefit of creditors, Trustee seeks authorization to continue limited business operations as outlined in this Motion. This will ensure that Trustee is able to properly collect lease payments, safeguard property of the Estate, reconcile financial records, and evaluate and prepare for the best course of action for liquidating the Estate. Further, upon any defaults, Trustee will be able to take action to repossess the leased property. Trustee's request is limited in nature and does not involve unnecessary or risky practices such as extending credit or initiating new business activities, such as entering into new leases. It merely allows Trustee to efficiently collect on accounts receivable. Accordingly, Trustee respectfully requests that the Court grant the Motion and authorize the continued "operation" of the Debtor for a period of 180 days from the date of the order granting this Motion. While this may appear to be an extended duration, Trustee is not engaging in the traditional operation of an active business. Rather, the operation is limited in scope and purpose to the collection of outstanding accounts receivable.

# II. <u>FACTUAL BACKGROUND</u>

*A.. Case Background*

The Debtor filed a voluntary petition, containing Debtor's schedules and related bankruptcy documents (the "**Schedules**"), under Chapter 7 of Title 11 of the United States Code on April 14, 2025 (the "**Petition Date**"); thereby, commencing Case No. 6:25-bk-12346-SY (the "**Bankruptcy Case**").[1]

---

[1] A true and correct copy of Debtor's petition ("**Petition**") and Schedules are attached to the Declaration of Charles W. Daff ("**Daff Decl.**") as **Exhibit "1."**

1  On April 14, 2025 Charles Daff was appointed the chapter 7 trustee. The initial meeting of creditors

2  occurred on May 21, 2025, and has been continued to May 29, 2025.

3  B.       *Debtor's Business Operations*

4          Prior to the Petition Date, Debtor, a corporation, primarily engaged in financing and leasing

5  commercial vehicles and equipment. According to the Schedules, the Debtor's business operations

6  generated revenue through structured lease agreements with third parties. As of the Petition Date,

7  Debtor reported approximately $1,452,523.00 in accounts receivable outstanding as a result of its

8  business operations. *See* Daff Decl., Exhibit 1 Pgs. 16-17. Debtor maintains several business

9  checking accounts across various banks and is identified as the lessor on numerous commercial

10 vehicle leases.

11         For the calendar year 2023, Debtor reported gross income of $991,420.00. *See* Daff Decl.,

12 Exhibit 1 Pg. 36. In the calendar year of 2024, Debtor reported $1,957,572.00 in gross income and

13 appears to have generated $153,055.00 from the beginning of this 2025 calendar year through the

14 Petition Date. *Id.*

15         In Schedule D, Debtor disclosed two purportedly secured creditors with a security interest in

16 the "[L]ease contracts owed to Debtor." *See* Daff Decl., Exhibit 1 Pgs. 22-23. After a preliminary

17 UCC-1 search, it does not appear that either of these purportedly secured creditors filed a UCC-1

18 Financing Statement. *See* Daff Decl., ¶12. In addition, as far as Trustee is aware, these creditors did

19 not notate their security interest on the certificate of title for the vehicles, either. *Id.*

20         Given the nature of Debtor's business and the substantial accounts receivable portfolio tied

21 to vehicle lease payments, limited operations are imperative to ensure the preservation and recovery

22 of value for the benefit of creditors. *See* Daff Decl., ¶13. Currently, the business phone line is

23 inactive, and no individual is monitoring incoming mail, even though the Trustee is informed that

24 lease payments continue to be mailed in by lessees. *See* Daff Decl., ¶14.Trustee has filed a change

25 of address for  Debtor. *See* Daff Decl., ¶15. Also, no one is reconciling the books and records or

26 tracking incoming payments. *See* Daff Decl., ¶14. To stabilize and evaluate the portfolio for

27 potential liquidation or structured sale, Trustee must ensure that Debtor's basic business operations

28 are maintained to ensure that there is sufficient monitoring, collecting and accounting for these

1    accounts receivable. *See* Daff Decl., ¶16. These limited measures are essential to protect the Estate's

2    interests and to ensure an orderly process that maximizes recovery for creditors pending a broader

3    determination of the receivables' value and marketability. To be clear, Trustee will not be soliciting

4    additional capital investments in the business from any investors, purchasing new equipment to be

5    leased, or entering into new vehicle leases. *Id.*

6                            **III. <u>ARGUMENT</u>**

7    A.    *Timeliness of Motion*

8            Local Bankruptcy Rule ("**LBR**") 2070-1(b) requires that, if a trustee seeks to operate a

9    debtor's business for more than 30 days, the trustee must file and serve a motion for authorization

10   under 11 U.S.C. § 721 before the initial 30-day period expires. *See* LBR 2070-1(b). 11 U.S.C. § 721

11   itself does not impose any timeline to seek authorization from the court. Pursuant to LBR 1001-

12   1(d), the court may waive, at its discretion, application of any LBR or make additional orders as it

13   deems appropriate, in the interest of justice.

14           Here, Trustee was appointed on April 14, 2025. Thus, the initial 30-day period laid out by

15   LBR 2070-1(b) expired on May 14, 2025. During this time frame, Trustee, while investigating

16   Debtor's business, was analyzing whether it was necessary to seek the Court's approval under § 721

17   or whether basic functions needed to maintain and collect accounts receivable already fell under the

18   ambit of powers already provided to Trustee. Based on Trustee's independent review, the boundary

19   line for when a chapter 7 trustee must seek authorization under § 721 is ambiguous. In the few

20   opinions that have found § 721 authorization necessary, the trustees were attempting to operate or

21   to expand the businesses as going concerns. *See, e.g., Reed v. United States,* No. 3:05-CV-1836-M,

22   2006 U.S. Dist. LEXIS 25040, 2006 WL 1152719, at *4 (N.D. Tex. May 2, 2006) (business was

23   transporting medical specimen and trustee sold real property); *In re Wiener,* 7 F. Supp. 691, 692 (D.

24   Pa. 1932). Liquidation activities are not considered "conducting the business." *Reed,* 2006 U.S.

25   Dist. LEXIS 25040, 2006 WL 1152719, at *4 (noting that working to liquidate a business does not

26   constitute operating the business). Furthermore, "[a]ctivities incidental to the liquidation of a

27   corporation do not constitute conducting business." *In re Bodin Apparel Inc.,* 46 B.R. 555, 561

28   (Bankr. S.D.N.Y. 1985) ); *see* <u>In re Duke</u>, 15 F.2d 92, 93 (D. Mo. 1924) (receiver who hired

employees for a short time to finish caps in order that they might be sold as finished caps rather than pieces of cloth did not "conduct the business"). Similarly, where a bankrupt entity purchased fruit and vegetables, canned and sold them, and performed all intermediate and corollary functions incidental and necessary thereto, trustee's activity in collection of accounts, sales of assets, matters of insurance, taxes, inventories, investigations, and like, all were activities required of ordinary trustees, and did not constitute continuing business. <u>In re United States Products Corp.</u>, 57 F. Supp. 239, 57 Am. B.R. (n.s.) 244, Bankr. L. Rep. (CCH) ¶ 55107, 1944 U.S. Dist. LEXIS 1914 (D. Cal. 1944). The Court in United States Products Corp. stated: "to conduct the business of the bankrupt, in my opinion, means that the trustee must substantially carry on the day by day, normal activities…"

Here, Trustee is not seeking to expand Debtor's business operations or enter into new leases or obligations; rather, Trustee is looking to collect on the accounts receivable to ensure that they are being properly monitored, collected and accounted for. So, it is unclear whether Trustee already has the authority to engage in the actions set forth in this Motion or whether Trustee needs to seek the Court's approval pursuant to § 721. This Motion is being filed out of an abundance of caution.

In a related case, *In re David Robert Stone, dba Cornerstone Financial Services*, Case No. 6:25-bk-12353-SY, the chapter 7 trustee sought, and obtained, the Court's approval to engage in similar activities as Trustee seeks pursuant to this Motion. Out of the abundance of caution and the imperative need to preserve the Estate's assets, Trustee now moves the Court to grant it the authority to operate the Debtor's business solely as it is limited to the actions set forth in this Motion and requests the Court waive the timeline set forth in LBR 2070-1(b) in the interest of justice.

B. *Court's Authority Authorizing Trustee to Operate Debtor for a Limited Period.*

Pursuant to § 721, a bankruptcy court may authorize a chapter 7 trustee to operate a debtor's business for a limited period, if doing so serves the estate's best interests and is consistent with an orderly liquidation. 11 U.S.C. § 721. In addition, under LBR 2070-1(b), a motion seeking approval to operate a debtor's business under 11 U.S.C. § 721 must state the approximate length of time the trustee intends to operate the business and be supported by evidence that justifies operation of the business and satisfies the requirements of 11 U.S.C. § 721. LBR 2070-1(b).

In a chapter 7 case, "the bankruptcy court can authorize only the trustee, and not the debtor, to operate the debtor's business pursuant to section 721." *Nakhuda v. Mansdorf (In re Nakhuda)*, 2015 Bankr. LEXIS 649 at *6 (B.A.P. 9th Cir. 2015) (stating that a debtor who operated laundromats had the obligation to shut down its business and turn over all property of the estate to the trustee); *see also In re Patel*, 621 B.R. 245, 259 (Bankr. E.D. Cal. 2020) (suggesting that, upon conversion from Chapter 11 to Chapter 7, it would be an appropriate exercise of the trustee's business judgment to obtain authorization to operate under Section 721). "[T]he trustee may even operate the debtor's business for a limited period... thereby allowing for the sale of the business as a going concern." *Gumport v. Interstate Commerce Comm'n (In re Transcon Lines)*, 178 B.R. 228, 234 (Bankr. C.D. Cal. 1995).

Two requirements must be met before the court may authorize the trustee's continued operation of the business: (1) the authorization must be restricted to a limited period of time; and (2) the scope of the authorized operation must be consistent with the orderly liquidation of the estate. *Walsh v. Diamond (In re Century City Doctors Hospital, LLC)*, 2010 Bankr. LEXIS 5048 at *26 (B.A.P. 9th Cir. 2010) (citing COLLIER ON BANKRUPTCY ¶721.01). The United States Trustee, pursuant to its authority under 28 U.S.C. § 586(a)(3), has mandated the consideration of the following five factors when determining whether continued operation is in the best interests of the estate:

1.  Whether operating the business will result in an operating loss;
2.  The tax consequences of operating the business;
3.  The costs necessary to bring the business within compliance of local laws to the extent local laws do not conflict with the Bankruptcy Code;
4.  Potential liabilities and claims against the estate and the trustee which may arise from the operation of the business; and
5.  The length of time the business will be operated.

UNITED STATES DEPARTMENT OF JUSTICE, *Handbook for Chapter 7 Trustees* pp. 4-31 (eff. October 1, 2012).

Here, Debtor reported as having approximately $1,452,523.00 in accounts receivable at the Petition Date and suggested at the initial 341 meeting the dollar amount for outstanding accounts receivable could be substantially greater. *See* Daff Decl., ¶8. These receivables represent the core

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

value of the Estate and the best path to recovery for unsecured creditors. *See* Daff Decl., ¶9. In order to preserve and maximize that value, Trustee seeks authorization to continue limited business operations for a period of 180 days. The requested timeframe is intended to provide flexibility, should additional time be required to complete collection efforts. The requested relief is cost-effective and consistent with standard trustee practices in similar cases. Collection of accounts receivable is a routine function for trustees and consistent with an orderly liquidation. Authorizing the "operation" for this period will facilitate the efficient administration of the estate. *See* Daff Decl., ¶17. Collection of the accounts receivable will enable Trustee to monitor and protect property of the Estate, collect lease payments, reconcile financial records, and evaluate and prepare the portfolio for sale or assignment. *Id.* Further, upon any defaults, Trustee can take action to repossess the leased property. This request is modest in scope and does not involve engaging in unnecessary or risky business endeavors such as extending credit or initiating new business activities. *See* Daff Decl., ¶16. It merely allows Trustee to efficiently marshal and administer Estate assets. Accordingly, Trustee's proposed continued business operations are in the best interests of the Estate and are consistent with an orderly liquidation. *See* Daff Decl., ¶17.

Furthermore, Trustee believes that based on the five factors set forth by the United States Trustee under 28 U.S.C. § 586(a)(3), continuing such limited business operation is in the best interest of the Estate. *See* Daff Decl., ¶20. Debtor is not expected to generate an operating loss, as the limited scope of operations involves mainly passive collection of existing lease receivables without incurring much overhead costs. *See* Daff Decl., ¶21. There are no anticipated adverse tax consequences during the 180 day operational period, as the Estate is only going to be recovering prepetition obligations. *See* Daff Decl., ¶22. There are no substantial additional expenditures required to bring the business into compliance with local regulatory requirements. *See* Daff Decl., ¶23. Trustee will implement appropriate safeguards to mitigate any risk of claims or liabilities arising from the limited operation. *See* Daff Decl., ¶24. Finally, Trustee seeks authority to operate for a defined period of 180 days, during which time the receivables will be evaluated for liquidation or sale, ensuring a timely and value-maximizing administration of estate assets. *See* Daff Decl., ¶25.

Trustee requests approval from the Court to do the following:

(1) <u>Collection of Lease Payments</u>: Trustee be authorized to receive and deposit all lease payments associated with Accounts Receivable disclosed in the Schedules. All payments shall be remitted directly to the Trustee at a designated address under Estate control. Trustee may communicate with lessees to confirm account status and payment terms.

(2) <u>Reconciliation and Accounting</u>: Trustee be authorized to engage a bookkeeper, accountant, or other financial professional, subject to the Court's approval as needed, to assist with reconciling lease receivable balances, reviewing prior transactions, and generating accurate reports of payments received and outstanding.

(3) <u>Banking and Record Management</u>: All funds collected will be deposited into the Estate's account or another Estate-controlled account. In the interim, to avoid disruption in payments while lessees transition to using Trustee's designated accounts and to ensure that payments are not lost, Trustee may maintain Debtor's existing bank accounts, including maintenance of an existing Zelle payment phone number and the associated accounts therein, solely for the purpose of capturing incoming payments. All of Debtor's existing bank accounts shall be monitored and transferred into the Estate's account no less than every three business days. Trustee shall maintain records of all transactions, and all financial activity shall be reported in accordance with standard Chapter 7 operating procedures. In addition, Trustee will change the mailing address for Debtor's existing bank accounts to his office.

(4) <u>Mail and Communication Oversight</u>: Trustee and his agents may take possession of and monitor Debtor's former business mail, email, and phone communications, including directing the USPS to forward all mail addressed to Debtor to Trustee's office. Debtor's main business phone line shall remain active and monitored to ensure lessees can contact the estate regarding payment status or account issues during the transition period.

(5) <u>Staffing or Contract Services</u>: Trustee may retain, if necessary, an administrative assistant, servicer, or collections professional solely to assist with locating lessees, tracking accounts, processing payments, or safeguarding property, subject to notice and court approval if compensation exceeds applicable limits.

(6) <u>Ordinary Course Operating Expenses</u>: Trustee be authorized to pay necessary ordinary course expenses, including repossession of the Vehicles.

(7) <u>Insurance Coverage Review and Maintenance</u>: Trustee be authorized to review and, if necessary, maintain or renew existing business insurance policies (e.g., general liability, business property, or E&O), to ensure adequate protection of Estate assets and limit possible liability. Any new policies or material changes shall be reported in Trustee's operating reports.

(8) <u>No New Business or Extensions</u>: Trustee will not enter into any new leases, extend existing lease agreements, incur new debt, or originate financing transactions, absent further court order.

(9) <u>Reporting and Review</u>: Within 180 days, Trustee will file a status report detailing all collections, expenditures, and status of operations.

(10) <u>Reporting and Review</u>: Within 180 days, Trustee will file a status report detailing all collections, expenditures, and status of operations. Trustee may seek to extend or modify this authority depending on market conditions and pending any  proposed sale, abandonment, or compromise of the Accounts Receivable.

(11) <u>Compliance with Reporting Obligations</u>: Trustee shall file monthly operating reports _____ forms provided by the U.S. Trustee and shall maintain all financial records in accordance with standard Chapter 7 practice, subject to audit or review upon request.

For these reasons, Trustee requests that the Court grant the Motion, and allow him to operate Debtor as outlined above for a period of 180 days from the date of the order granting this Motion.

## IV. <u>PROCEDURES FOR REQUESTING CONTINUED OPERATIONS</u>

"Trial courts are vested with ample discretion to control their own dockets." *Ng v. Farmer*, 477 B.R. 118, 130 (B.A.P. 9th Cir. 2012) (quoting *Medical Laboratory Management Consultants v. ABC*, 306 F.3d 806, 826 (9th Cir. 2002)). The Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court even has discretion to vary a procedure implicated by a local bankruptcy rule. *Altick v. Green (In re Altick)*, 2012 Bankr. LEXIS 5291 at *12 (B.A.P. 9th Cir. 2012). The court's discretion to control its docket must not "nullify the procedural choices reserved to the parties under the applicable rules of procedure." *Highland Federal Bank v. Maynard (In re Maynard)*, 264 B.R. 209, 213 (B.A.P. 9th Cir. 2001).

To the extent that Trustee determines that the best interest of the estate is served by operating beyond the requested 180 days, he requests that this Court establish the following procedure for extending the authorization date:

- Rather than filing a motion to extend authorization to operate, Trustee may file a notice of intent to continue operations to request that the Court extend the authorized period for operations which substantially complies with LBR 9013-1(o);

- Trustee will serve notice on all creditors and parties-in-interest entitled to notice of a motion to operate; and

- After the notice period in LBR 9013-1(o) expires without objection, Trustee may lodge a declaration of service and non-response and lodge a proposed order to further

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1    extend the operations period, in accordance with the procedure set forth in LBR 9013-

2        1(o)(3).

3        In no event shall Trustee extend this period beyond a year from the date the Court enters an

4    order granting this Motion as stated in LBR 2070(c).

5                                    **IV. CONCLUSION**

6        For all of the aforementioned reasons, Trustee respectfully requests that this Court enter an

7    order:

8            1.   Authorizing the Trustee to continue to operate Debtor, as detailed above, for a

9    period of 180 days after entry of an order granting this Motion;

10            2.   Approving the requested procedure allowing the Trustee to seek an extension of

11    the operating date by filing a notice and motion which substantially complies with LBR 9013-1(o);

12    and

13            3.   Granting such other and further relief as the court may deem just and proper.

14                            **SHULMAN BASTIAN**
                             **FRIEDMAN BUI & O'DEA LLP**

15

16

17    DATED:  May 28, 2025          By:        /s/ Lynda T. Bui
                                              Lynda T. Bui
18                                            Timothy K. McMahon
                                              Attorneys for Charles Daff, the Chapter 7 Trustee
19

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**Declaration of Charles W. Daff**

I, Charles W. Daff, declare as follows:

1.    I am an individual over 18 years of age and competent to make this Declaration.

2.    I am the duly appointed chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Stoneway Capital Corporation ("Debtor").

3.    I have personal knowledge of some of the terms set forth in this Declaration, and if called upon to do so, I could and would competently testify to these facts, as to other matters I have knowledge based on information and belief.

4.    I make this Declaration in support of my Motion for Authority to Operate Debtor's Business Under 11 U.S.C. § 721 ("Motion").

5.    All terms not defined herein are used as they are defined in the Motion.

6.    On April 14, 2025 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

7.    A true and correct copy of the Petition and Schedules are attached here as **Exhibit "1."**

8.    According to the Schedules, Debtor listed Accounts Receivable in the amount of $1,452,523.00. Based on testimony provided at Debtor's initial 341 meeting on May 21, 2025, it is my belief that the true value of Debtor's outstanding Accounts Receivable as of the Petition Date could be well over $2 million.

9.    These Accounts Receivable are of core value to the Estate and offer the best path for recovery for unsecured creditors.

10.    Based on my investigation, Debtor was in the business of financing and leasing commercial vehicles/equipment. Debtor's outstanding Accounts Receivable are based on these leases.

11.    On April 14, 2025, Dkt. No. 2, I was appointed as the chapter 7 trustee.

12.    A preliminary UCC-1 search conducted by my proposed counsel's office, the employment application of Shulman Bastian Friedman Bui & O'dea is currently pending with the Court, does not reveal any liens against the leases and as far as I am aware and the secured creditors listed on Schedule D did not notate their security interests on the certificate of title for the vehicles either.

13.    Given the nature of Debtor's business and the substantial accounts receivable portfolio tied to lease payments sill outstanding, limited operations are necessary to preserve and recover value for the Estate.

14.    Currently, the business phone line is inactive, and no individual is monitoring incoming mail, even though I am informed that lease payments continue to be mailed in by lessees. Additionally, no one is currently reconciling the books and records or tracking incoming payments.

15.    In the interim, I have sent correspondences to all lessees instructing that all future lease payments be paid to the Estate and must be remitted directly to me, in my role as chapter 7 trustee.

16.    To stabilize and evaluate the portfolio for potential liquidation or structured sale, I must ensure the continuation of basic operational oversight, including collection procedures, mail monitoring, and financial reconciliation. These limited measures are essential to protect the Estate's interests and to ensure an orderly process that maximizes recovery for creditors pending a broader determination of the receivables' value and marketability. To be clear, I will not be soliciting additional capital investments in the business from any investors, incurring additional debt, purchasing any new equipment to be leased, or entering into new leases or renewing outstanding ones.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

17.    In order to maximize preserve and maximize the value of the Accounts Receivable, I seek authorization to continue limited business operations for a period of 180-days. This will enable me to collect lease payments, safeguard Estate funds, reconcile financial records, and evaluate and prepare the portfolio for sale or assignment. Further, upon any defaults, I can take repossession actions to recover the leased property. This request is modest in scope and does not involve engaging in risky business activities such as extending credit or initiating new business. It merely allows me to efficiently collect and administer Estate assets. I believe that the proposed operations are in the best interests of the estate and are consistent with an orderly liquidation.

18.    Initially it was unclear whether I needed to seek authority under 11 U.S.C. § 721 to continue with the operations identified in the Motion or whether these already fell into the ambit of my inherent powers as chapter 7 trustee. After the chapter 7 trustee sought, and obtained, an order to operate a debtor's business in related case *In re David Robert Stone, dba Cornerstone Financial Services*, Case No. 6:25-bk-12353-SY, I felt necessary to file this Motion out of an abundance of caution.

19.    Without being able to continue limited business operations as identified in the Motion, the Estate's value could be put at risk. Accordingly, I believe that the interest of justice favors the Court waiving the 30-day timeframe outlined in LBR 2070-1(b).

20.    Moreover, I have evaluated the proposed limited operation of Debtor considering the five factors set forth by the United States Truste and believe continued operation is in the best interest of the Estate.

21.    Debtor is not expected to generate an operating loss, as the limited scope of operations involves predominately collection of existing lease receivables without incurring substantial overhead or expansion costs.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

22.    There are not anticipated adverse tax consequences during the 180-day operational period, as the Estate is not undertaking new business activity but merely recovering prepetition obligations.

23.    No substantial additional expenditures are required to bring the business into compliance with local regulatory requirements.

24.    I will implement appropriate safeguards to mitigate any risk of claims or liabilities arising from the limited operation.

25.    As noted above, I seek this authority to operate for a defined period of time of 180-days from entry of an order approving this Motion, during which time the receivables will be evaluated for liquidation or sale, ensuring that a timely and value-maximizing administration of Estate assets.

26.    Generally, the limited operations which I seek approval include:

(1) <u>Collection of Lease Payments:</u> I am authorized to receive and deposit all lease payments associated with Accounts Receivable disclosed in the Schedules, all payments shall be remitted directly to me at a designated address under Estate control and I may communicate with lessees to confirm account status and payment terms

(2) <u>Reconciliation and Accounting:</u> I am authorized to engage a bookkeeper, accountant, or other financial professional, subject to court approval as needed, to assist with reconciling lease receivable balances, reviewing prior transactions, and generating accurate reports of payments received and outstanding.

(3) <u>Banking and Record Management:</u> All funds collected will be deposited into the Estate's account or another account under the Estate's control. In the interim, to avoid disruption in payments while lessees transition to using my designated accounts and to ensure that payments are not lost, I may maintain Debtor's existing bank accounts, including maintenance of an existing Zelle payment phone number and the associated accounts therein, solely for the purpose of capturing incoming payments. All of Debtor's existing bank accounts shall be monitored and swept into the Estate account no less than every three business days. Through my agents, I shall maintain records of all transactions, and all financial activity shall be reported in accordance with standard Chapter 7 operating procedures. In addition, I will change the mailing address for Debtor's existing bank accounts to my office.

(4) <u>Mail and Communication Oversight:</u> I may take possession of and monitor

Debtor's former business mail, email, and phone communications, including directing the USPS to forward all mail addressed to Debtor to my office. Debtor's main business phone line may remain active and monitored to ensure lessees can contact the Estate regarding payment status or account issues during the transition period.

(5) <u>Staffing or Contract Services</u>: If necessary, I may retain, an administrative assistant, servicer, or collections professional solely to assist with locating lessees, tracking accounts, processing payments, or safeguarding property, subject to notice and court approval if compensation exceeds applicable limits.

(6) <u>Ordinary Course Operating Expenses</u>: I shall be authorized to pay necessary ordinary course expenses associated with maintaining limited business operations, without further court order.

(7) <u>Insurance Coverage Review and Maintenance</u>: I shall be authorized to review and, if necessary, maintain or renew existing business insurance policies (e.g., general liability, business property, or E&O), to ensure adequate protection of Estate assets and mitigate risks associated with continued operations.

(8) <u>No New Business or Extensions</u>: I shall not enter into any new leases, extend existing agreements, incur new debt, or originate financing transactions, absent further court order.

(9) <u>Reporting and Review</u>: Within 180 days, or earlier if warranted, I shall file a status report detailing all collections, expenditures and status of operations. I may seek to extend or modify this authority depending on market conditions and pending any proposed sale, abandonment, or compromise of the Accounts Receivable.

(10) <u>Compliance with Reporting Obligations</u>: I shall file monthly operating reports using forms provided by the U.S. Trustee and shall maintain all financial records in accordance with standard Chapter 7 practice, subject to audit or review upon request.

27.    I have consulted and will continue to consult with the U.S. Trustee regarding the operation of Debtor's business and I will continue to remain in compliance with all applicable requirements while operating.

28.    I request that this Court establish the following procedure for extending the authorization date:

- Rather than filing a motion to extend authorization to operate, I may file a notice of intent to continue operations to request that the Court extend the

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

authorized period for operations which substantially complies with Local Bankruptcy Rule ("LBR") 9013-1(o);

- I will serve notice on all creditors and parties-in-interest entitled to notice of a motion to operate; and

- After the notice period in LBR 9013-1(o) expires without objection, I may lodge a declaration of service and non-response and lodge a proposed order to further extend the operations period, in accordance with the procedure set forth in LBR 9013-1(o)(3).

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 27, 2025.

_____

Charles W. Daff

EXHIBIT 1

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____    Chapter    **7**

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Stoneway Capital Corporation** |
|---|---|---|

**2.** All other names debtor
used in the last 8 years
Include any assumed
names, trade names and
*doing business as* names

| 3. | Debtor's federal
Employer Identification
Number (EIN) | **47-2769075** |
|---|---|---|

**4.** Debtor's address

Principal place of business

**4310 Redwood Highway
Suite 200
San Rafael, CA 94903**
Number, Street, City, State & ZIP Code

**Marin**
County

Mailing address, if different from principal place of
business

_____
P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal
place of business

_____
Number, Street, City, State & ZIP Code

**5.** Debtor's website (URL)    _____

**6.** Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Stoneway Capital Corporation**                                         Case number (*if known*) _____
         _____
         Name

| | | |
|---|---|---|

**7.  Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

____   ____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

| Debtor | **Stoneway Capital Corporation** | Case number (*if known*) |
|---|---|---|
| | Name | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Attachment** | Relationship | |
|---|---|---|---|
| District | | When | Case number, if known |

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
Contact name _____
Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor    **Stoneway Capital Corporation**                                        Case number (*if known*) _____
          Name

| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Stoneway Capital Corporation**                                     Case number *(if known)*
        Name

| **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 8, 2025**
              MM / DD / YYYY

X _David R. Stone_                              **David R Stone**
Signature of authorized representative of debtor   Printed name

Title   **President**

**18. Signature of attorney**

X _____                     Date   **April 8, 2025**
Signature of attorney for debtor                      MM / DD / YYYY

**Michael G. Spector**
Printed name

**Law Offices of Michael G. Spector**
Firm name

**2122 N. Broadway**
**Santa Ana, CA 92706**
Number, Street, City, State & ZIP Code

Contact phone   **714-835-3130**      Email address   **mgspector@aol.com**

**145035 CA**
Bar number and State

Debtor   **Stoneway Capital Corporation**                                          Case number *(if known)* _____
        Name

| Fill in this information to identify your case: |
| --- |
| United States Bankruptcy Court for the: |
| CENTRAL DISTRICT OF CALIFORNIA |
| Case number *(if known)* _____   Chapter   **7** |

☐ Check if this an
   amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| Debtor | **In re Calzona Truck Sales, Inc** | | Relationship to you | **Related Company of David Stone** |
| --- | --- | --- | --- | --- |
| District | **Central District of California, Riverside Division** | When _____ | Case number, if known | **Pending** |
| Debtor | **In re David R. Stone** | | Relationship to you | **Owner** |
| District | **Central District of Calfiornia, Riverside Division** | When _____ | Case number, if known | **Pending** |

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 6

## STATEMENT OF RELATED CASES
### INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**In re David R. Stone**
**Chapter 7**
**Case No. Pending**
**Central District of California**

**In re Calzona Truck Sales, Inc.**
**Chapter 7**
**Case No. Pending**
**Central District of California, Riverside Division**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _Palm Desert_ , California.

Date: **April 8, 2025**

**David R Stone**
Signature of Debtor 1

Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_October 2018_                    Page 1        **F 1015-2.1.STMT.RELATED.CASES**

### United States Bankruptcy Court
#### Central District of California

In re    **Stoneway Capital Corporation**                                          Case No. _____

                                             Debtor(s)                Chapter    **7**    _____

## STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, **David R Stone**, declare under penalty of perjury that I am the **President** of **Stoneway Capital Corporation**, and that the following is a true and correct copy of the resolutions adopted by the Board of Directors of said corporation at a special meeting duly called and held on the <u>5th</u> day of <u>April</u>, 20<u>24</u>.

"Whereas, it is in the best interest of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

Be It Therefore Resolved, that **David R Stone, President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter **7** voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that **David R Stone, President** of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that **David R Stone, President** of this Corporation is authorized and directed to employ **Michael G. Spector**, attorney and the law firm of **Law Offices of Michael G. Spector** to represent the corporation in such bankruptcy case."

Date  **April 5, 2025** _____        Signed  _David R Stone signature_ _____
                                                                 **David R Stone**

Resolution of Board of Directors
of
**Stoneway Capital Corporation**

Whereas, it is in the best interest of this corporation to file a voluntary petition in the the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

Be It Therefore Resolved, that **David R Stone, President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 7 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that **David R Stone, President** of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that **David R Stone, President** of this Corporation is authorized and directed to employ **Michael G. Spector**, attorney and the law firm of **Law Offices of Michael G. Spector** to represent the corporation in such bankruptcy case.

Date  **April 5, 2025** _____        Signed  _____

Date  **April 5, 2025** _____        Signed  _____

| Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael G. Spector**<br>**2122 N. Broadway**<br>**Santa Ana, CA 92706**<br>**714-835-3130 Fax: 714-558-7435**<br>California State Bar Number: 145035 CA<br>mgspector@aol.com | |

☑ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Stoneway Capital Corporation**<br><br><div align=right>Debtor(s),</div><br><br>Plaintiff(s),<br><br><br><br><br><br><br><div align=right>Defendant(s).</div> | CASE NO.:<br>ADVERSARY NO.:<br>CHAPTER:    7<hr>**CORPORATE OWNERSHIP STATEMENT PURSUANT TO FRBP 1007(a)(1) and 7007.1, and LBR 1007-4**<hr>[No hearing] |

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I, __David R. Stone_____, the undersigned in the above-captioned case, hereby declare
         *(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                                **F 1007-4.CORP.OWNERSHIP.STMT**

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.      I have personal knowledge of the matters set forth in this Statement because:
   - ☑ I am the president or other officer or an authorized agent of the Debtor corporation
   - ☐ I am a party to an adversary proceeding
   - ☐ I am a party to a contested matter
   - ☐ I am the attorney for the Debtor corporation

2.a.   ☐ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:
   *[For additional names, attach an addendum to this form.]*

b.   ☑ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

**April 8, 2025**
Date

By: _____
     Signature of Debtor, or attorney for Debtor

Name:    **David R. Stone** _____
         Printed name of Debtor, or attorney for
         Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012

**F 1007-4.CORP.OWNERSHIP.STMT**

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re  **Stoneway Capital Corporation**  _____    Case No. _____

_____
                          Debtor(s)                 Chapter    **7** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|                                                              |    |            |
| ------------------------------------------------------------ | -- | ---------- |
| For legal services, I have agreed to accept                  | $  | 10,000.00  |
| Prior to the filing of this statement I have received        | $  | 10,000.00  |
| Balance Due                                                  | $  | 0.00       |

2.  The source of the compensation paid to me was:

    ■ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
      copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**April 8, 2025** _____       _____
*Date*                                                  **Michael G. Spector**
                                                        *Signature of Attorney*
                                                        **Law Offices of Michael G. Spector**
                                                        **2122 N. Broadway**
                                                        **Santa Ana, CA 92706**
                                                        **714-835-3130   Fax: 714-558-7435**
                                                        **mgspector@aol.com**
                                                        *Name of law firm*

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Stoneway Capital Corporation** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 8, 2025**        x  _Signature of individual signing on behalf of debtor_

**David R Stone**
Printed name

**President**
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name **Stoneway Capital Corporation**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

**Part 1:    Summary of Assets**

1.  *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*........................................................................................ $ _____ 0.00

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*....................................................................................... $ _____ 1,511,433.23

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*......................................................................................... $ _____ 1,511,433.23

**Part 2:    Summary of Liabilities**

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................. $ _____ 1,600,000.00

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................ $ _____ 0.00

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................................ +$ _____ 6,975.00

4.  **Total liabilities** ...............................................................................................................
    Lines 2 + 3a + 3b                                                                                         $ _____ 1,606,975.00

**Fill in this information to identify the case:**

Debtor name  **Stoneway Capital Corporation**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**    Cash and cash equivalents

1. Does the debtor have any cash or cash equivalents?

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of debtor's interest

3.    Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.  Wells Fargo<br>PO Box 6995<br>Portland, OR 97228-6995 | Business Checking | 7788 | $16,352.06 |
| 3.2.  Westamerica<br>7333 Redwood Blvd<br>Novato, CA 94948 | Business Checking | 5564 | $42,558.17 |

4.    Other cash equivalents *(Identify all)*

5.    Total of Part 1.                                                                               $58,910.23
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**Part 2:**    Deposits and Prepayments

6. Does the debtor have any deposits or prepayments?

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

**Part 3:**    Accounts receivable

10. Does the debtor have any accounts receivable?

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

Debtor    **Stoneway Capital Corporation**                                              Case number *(If known)*    _____
           _____
           Name

---

| **Part 4:** | **Investments** |
| --- | --- |

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

---

| **Part 5:** | **Inventory, excluding agriculture assets** |
| --- | --- |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

---

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
| --- | --- |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

---

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |
| --- | --- |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

---

| **Part 8:** | **Machinery, equipment, and vehicles** |
| --- | --- |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

---

| **Part 9:** | **Real property** |
| --- | --- |

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

---

| **Part 10:** | **Intangibles and intellectual property** |
| --- | --- |

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

---

| **Part 11:** | **All other assets** |
| --- | --- |

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

Current value of
debtor's interest

71.    **Notes receivable**
       Description (include name of obligor)

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 2

Debtor  __Stoneway Capital Corporation_____    Case number (*if known*) _____
        Name

| Leases contracts owed to Debtor (See Attached) | 1,452,523.00 | - | 0.00 | = | $1,452,523.00 |
|---|---|---|---|---|---|
| | Total face amount | | doubtful or uncollectible amount | | |

72.  **Tax refunds and unused net operating losses (NOLs)**
     Description (for example, federal, state, local)

73.  **Interests in insurance policies or annuities**

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78.  **Total of Part 11.**

     Add lines 71 through 77. Copy the total to line 90.

|  |
|---|
| $1,452,523.00 |

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
     ■ No
     ☐ Yes

Debtor    **Stoneway Capital Corporation**_____    Case number *(if known)* _____
           <sub>Name</sub>

**Part 12:**    **Summary**

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $58,910.23 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.............................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $1,452,523.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $1,511,433.23 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $1,511,433.23 |

| Date Book | First Name | Last Name | Address | City | State | Zip | Receivable |
|---|---|---|---|---|---|---|---|
| 3/20/2024 | Hector G. | Bolanos | 306 Huntington Dr. | Temple | GA | 30179- | 42,858.00 |
| 12/28/2023 | Armand | Wembo | 2660 S. Pitkin Way | Aurora | CO | 80013- | 32,792.00 |
| 5/30/2024 | Brandon | Kellewood | 28 Road 5590 | Farmington | NM | 87401- | 21,827.00 |
| 6/10/2024 | Shalen P. | Pal | 14911 Canyon Road East | Puyallup | WA | 98375- | 45,061.00 |
| 10/13/2021 | Jose I/ | Loera | 11109 S Avenue L. | Chicago | IL | 60617- | 0.00 |
| 3/20/2024 | Emmett L. | Minor | 5225 Las Colinas Blvd Apt 3071 | Irving | TX | 75039- | 25,284.00 |
| 9/27/2024 | Carlos A. | Ortiz | 325 Jensen Rd. | Newman | CA | 95360- | 20,763.00 |
| 2/6/2024 | Maria E. | Contreras | 1135 E. Harvard Blvd. | Santa Paula | CA | 93060- | 48,053.00 |
| 3/8/2024 | Juan J. | Sandoval Crespo | 348 N Muscat Ct. | Earlimart | CA | 93219- | 43,143.00 |
| 6/6/2024 | Martin | Hernandez | 6603 Almeria Ave. | Fontana | CA | 92336- | 19,160.00 |
| 12/29/2023 | Cesar A. | Olivares | 986 W La Alameda Ave | San Pedro | CA | 90731- | 39,690.00 |
| 8/13/2024 | Brandon B. | Campos | 4900 N Grand Ave Apt 135 | Covina | CA | 91724- | 29,454.00 |
| 1/31/2024 | Hugo | Sanchez Calvillo | 9239 Pinyon Ct. | Fontana | CA | 92335- | 34,447.00 |
| 2/15/2024 | Jose | Linares | 15889 Sueno Ln. | Victorville | CA | 92394- | 95,950.00 |
| 2/9/2024 | Jimmey A. | Huezo | 12662 1/4 Bradley Ave | Sylmar | CA | 91342- | 18,298.00 |
| 2/22/2024 | Channak P. | Mey | 11115 Sawtooth Ct. | Adelanto | CA | 92301- | 9,167.00 |

6

| 3/10/2022 | James C. | Patterson Jr. | 3606 Edison LN | Rosharon | TX | 77583- | 0.00 |
| 3/20/2024 | Jesus A. | Raimundo | 7749 Locust Ave. | Fontana | CA | 92336- | 32,500.00 |
| 3/25/2022 | Julio C. | Rivas Zambrano | 22526 Hufsmith Kohrville Rd | Tomball | TX | 77375- | 28,365.00 |
| 4/12/2022 | Justin E. | Morton | 10802 S Interstate 35 Apt 133 | Austin | TX | 78747- | 0.00 |
| 4/19/2024 | Joseph E. | Shaffer | 402 Free Timber Lane | Stockdale | TX | 78160- | 18,008.00 |
| 5/13/2024 | Jose L. | Roman Ocampo | 5317 Mar Grande Dr | Bakersfield | CA | 93307- | 88,920.00 |
| 5/8/2024 | Amrik | Singh | 6798 W Beechwood Ave | Fresno | CA | 93722- | 28,583.00 |
| 5/20/2024 | Gilberto | Castro Rubio | 3810 Stathem St | Riverdale | CA | 93656- | 23,147.00 |
| 6/14/2024 | Marvin E. | Portillo Cruz | 7139 Hazeltine Ave. Apt. 213 | Vannuys | CA | 91405- | 32,856.00 |
| 5/17/2023 | Billy J. | Post | 13363 County Road 228 | Bedias | TX | 77831- | 0.00 |
| 5/16/2024 | John R. | Sabedra | 9006 Ivy Spring Ln. | Houston | TX | 77088- | 26,179.00 |
| 6/7/2024 | Jose E. | Joya Alvarado | 10401 Beckford Ave. | Porter Ranch | CA | 91326- | 27,448.00 |
| 5/22/2024 | Margarito | Navarro | 795 E. Calle Esplendor | Nogales | AZ | 85621- | 45,165.00 |
| 5/29/2024 | Miriam | Arnero | 431 L. Thompson | Cedar Hill | TX | 75104- | 27,210.00 |
| 5/31/2024 | Broderick E. | Rider | 7342 Cave Dr | Dallas | TX | 75249- | 0.00 |
| 6/16/2023 | Maykel | Pedroso Frometa | 912 Duke Ave | Odessa | TX | 79765- | 22,603.00 |
| 6/20/2024 | Pedro | Sanchez Aguilar | 32753 S Verna St | Woodburn | OR | 97071- | 42,004.00 |
| 6/26/2024 | Darron W. | Jackson | 6311 Kashmere St. | Houston | TX | 77026- | 17,615.00 |
| 7/21/2023 | Andrez E. | Quintanilla | 17841 Daffodil Hill St. | Lathrop | CA | 95330- | 0.00 |
| 7/24/2023 | Antonio M. | Lopes Da Silva | 443 Hickory Course Loop | Ocala | FL | 34472- | 20,315.00 |
| 7/29/2024 | Raymond | Guerrero Ramos | 50 Prickly Pear Cactus Rd. | Prescott | AZ | 85301- | 42,087.00 |

| 7/29/2024 | Sergio | Cajaraville | 19351 Grand Colony | Katy | TX | 77449- | 21,872.00 |
| 8/1/2023 | Lovemore | Mawire | 1732 Valley View Ln Apt 1104 | Irving | TX | 75061- | 18,791.00 |
| 7/31/2024 | Ernest J. | Anderson Jr. | 1237 Greystone Ln | Pensacola | FL | 32514- | 21,708.00 |
| 8/6/2024 | Nancy Y. | Rojas Barahona | 10112 SE Holgate Blvd | Portland | OR | 97266- | 34,775.00 |
| 9/9/2024 | Charles N. | Ervin Jr. | 3273 Cannes Ave | Riverside | CA | 92501- | 27,038.00 |
| 9/26/2024 | Fabricio A. | Perez Sandoval | 17807 Lakecrest View Dr. | Cypress | TX | 77433- | 27,098.00 |
| 9/27/2024 | Jesus | Rico Bravo | 917 N Beechwood Ave | Rialto | CA | 92376- | 26,645.00 |
| 10/18/2024 | Carlos | Noriega Rascon | 426 Milbrae St | San Diego | CA | 92113- | 45,828.00 |
| 10/26/2023 | Seitu P. | Wyche | 16352 Pebble Beach Dr Apt 112 | Victorville | CA | 92395- | 0.00 |
| 10/25/2023 | Luis A. | Bolanos | 13955 Rincon Rd | Apple Valley | CA | 92307- | 35,426.00 |
| 11/7/2023 | Rene B. | Sosa Pineda | 13854 Rayberry St | Victorville | CA | 92392- | 32,357.00 |
| 11/9/2023 | Larry H. | Martinez Maltez | 6823 Titanium Gray Ct. | Las Vegas | NV | 89086- | 20,928.00 |
| 12/15/2023 | Mykahilo | Bohaichuk | 2421 Haydn St. | Woodstock | IL | 60098- | 58,088.00 |
| 1/12/2024 | Ashley Jean M. | Wilson | 43542 Kirkland Ave. #285 | Landcaster | CA | 93535- | 17,591.00 |
| 12/15/2023 | Daniel | Franco | 11794 Vermont Ave | Rancho Cucumonga | CA | 91730- | 15,426.00 |
| TOTAL RECEIVABLE | | | | | | | 1,452,523.00 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Stoneway Capital Corporation** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A | Column B |
|---|---|---|
| | Amount of claim | Value of collateral that supports this claim |
| | Do not deduct the value of collateral. | |

**2.1** | **Bruggenkamp, Linda**
Creditor's Name

**6372 Mormon Tea Way
Reno, NV 89511**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**12/09**
Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**
☐ No
■ Yes. Specify each creditor, including this creditor and its relative priority.
**1. Bruggenkamp, Linda
2. Mengarelli, John**

Describe debtor's property that is subject to a lien
**Leases contracts owed to Debtor  (See Attached)**

Describe the lien
**Commercial Loan**
**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of claim: **$600,000.00**    Value of collateral: **$1,452,523.00**

**2.2** | **Mengarelli, John**
Creditor's Name

**26 St Rt 28 #1365
Crystal Bay, NV 89402**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**11/23**
Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**

Describe debtor's property that is subject to a lien
**Leases contracts owed to Debtor  (See Attached)**

Describe the lien
**Commercial Loan**
**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply

Amount of claim: **$1,000,000.00**    Value of collateral: **$1,452,523.00**

Debtor   **Stoneway Capital Corporation**                                    Case number (if known) _____
_____
Name

☐ No                          ☐ Contingent
■ Yes. Specify each creditor,    ☐ Unliquidated
including this creditor and its relative    ☐ Disputed
priority.
**Specified on line 2.1** _____

3.  Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.     $1,600,000.00

**Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| _____ | | |

**Fill in this information to identify the case:**

Debtor name     **Stoneway Capital Corporation**

United States Bankruptcy Court for the:     CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ☐ No. Go to Part 2.

    ■ Yes. Go to line 2.

2.  List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address<br>**Franchise Tax Board**<br>**Bankruptcy Section, MS: A-340**<br>**Sacramento, CA 95812-2952** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$0.00** | **$0.00** |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number | Is the claim subject to offset? | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | ■ No<br>☐ Yes | | |
| **2.2** Priority creditor's name and mailing address<br>**Internal Revenue Service**<br>**P.O. Box 7346**<br>**Philadelphia, PA 19101-7346** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$0.00** | **$0.00** |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number | Is the claim subject to offset? | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | ■ No<br>☐ Yes | | |

| Debtor | **Stoneway Capital Corporation** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| **2.3** | Priority creditor's name and mailing address **State Board of Equalization** | As of the petition filing date, the claim is:<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | $0.00 | $0.00 |
| | Date or dates debt was incurred | Basis for the claim: | | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | | |

---

**Part 2:   List All Creditors with NONPRIORITY Unsecured Claims**

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| **3.1** | Nonpriority creditor's name and mailing address<br>**Anderson Jr, Ernest**<br>**1237 Greystone Lane**<br>**Pensacola, FL 32514**<br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br>Basis for the claim: _<br>Is the claim subject to offset? ■ No ☐ Yes | **Unknown** |
| **3.2** | Nonpriority creditor's name and mailing address<br>**Arnero, Miriam**<br>**431 L Thompson**<br>**Cedar Hill, TX 75104**<br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br>Basis for the claim: _<br>Is the claim subject to offset? ■ No ☐ Yes | **Unknown** |
| **3.3** | Nonpriority creditor's name and mailing address<br>**Bohaichuk, Mykahilo**<br>**2421 Haydn St**<br>**Woodstock, IL 60098**<br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br>Basis for the claim: _<br>Is the claim subject to offset? ■ No ☐ Yes | **Unknown** |
| **3.4** | Nonpriority creditor's name and mailing address<br>**Bolanos, Hector**<br>**306 Huntington Drive**<br>**Temple, GA 30179**<br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br>Basis for the claim: _<br>Is the claim subject to offset? ■ No ☐ Yes | **Unknown** |
| **3.5** | Nonpriority creditor's name and mailing address<br>**Bolanos, Luis**<br>**13955 Rincon Rd**<br>**Apple Valley, CA 92307**<br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br>Basis for the claim: _<br>Is the claim subject to offset? ■ No ☐ Yes | **Unknown** |

---

Debtor    **Stoneway Capital Corporation**                                   Case number (if known) _____
Name

---

| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Cajaraville, Sergio**
19351 Grand Colony
Katy, TX 77449

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Campos, Brandon**
4900 N Grand Ave
Apt 135
Covina, CA 91724

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Castro Rubio, Gilberto**
3810 Stathem St
Riverdale, CA 93656

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$500.00** |

**Comcast**
1701 JFK Blvd
Philadelphia, PA 19103

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  5/22

Basis for the claim:  **Utilities**

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.10 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Contreras, Maria**
1135 E Harvard Blvd
Santa Paula, CA 93060

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.11 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Ervin Jr, Charles**
3273 Cannes Ave
Riverside, CA 92501

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.12 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$6,000.00** |

**Experian Credit Solutions**
475 Anton Blvd
Costa Mesa, CA 92626

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  12/22

Basis for the claim: _

Last 4 digits of account number  0291

Is the claim subject to offset? ■ No  ☐ Yes

---

Debtor    **Stoneway Capital Corporation**                                    Case number (if known) _____
            Name

---

| 3.13 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Franco, Daniel**
11794 Vermont Ave
Rancho Cucamonga, CA 91730

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.14 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Guerrero Ramos, Raymond**
50 Prickly Pear Cactus Rd
Glendale, AZ 85301

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Hernandez, Martin**
6603 Almeria Ave
Fontana, CA 92336

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.16 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Huezo, Jimmey**
12662 1/4 Bradley Ave
Sylmar, CA 91342

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.17 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Jackson, Darron**
6311 Kashmere St
Houston, TX 77026

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.18 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Joya Alvarado, Jose**
10401 Beckford Ave
Porter Ranch, CA 91326

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.19 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Kellewood, Brandon**
28 Road 5590
Farmington, NM 87401

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

Case 6:25-bk-12346-SY   Doc 1   Filed 04/14/25   Entered 04/14/25 15:04:14   Desc
Main Document      Page 28 of 51

| Debtor | **Stoneway Capital Corporation** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**3.20** | Nonpriority creditor's name and mailing address
**Linares, Jose**
15889 Sueno Lane
Victorville, CA 92394

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

Unknown

---

**3.21** | Nonpriority creditor's name and mailing address
**Loera, Jose**
11109 S Avenue L
Chicago, IL 60617

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

Unknown

---

**3.22** | Nonpriority creditor's name and mailing address
**Lopes Da Silva, Antonio**
443 Hickory Course Loop
Ocala, FL 34472

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

Unknown

---

**3.23** | Nonpriority creditor's name and mailing address
**Martinez Maltez, Larry**
6823 Titanium Gray Ct
North Las Vegas, NV 89086

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

Unknown

---

**3.24** | Nonpriority creditor's name and mailing address
**Mawire, Lovemore**
1732 Valley View Lane
Apt 1104
Irving, TX 75061

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

Unknown

---

**3.25** | Nonpriority creditor's name and mailing address
**Mey, Channak**
11115 Sawtooth Ct
Adelanto, CA 92301

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

Unknown

---

**3.26** | Nonpriority creditor's name and mailing address
**Minor, Emmett**
5225 Las Colinas Blvd
Apt 3071
Irving, TX 75039

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

Unknown

---

| Debtor | **Stoneway Capital Corporation** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

---

| 3.27 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Morton, Justin**
**10802 S Interstate 35**
**Apt 133**
**Austin, TX 78747**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.28 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Navarro, Margarito**
**795 E Calle Esplendor**
**Nogales, AZ 85621**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.29 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Noriega Rascon, Carlos**
**426 Milbrae St**
**San Diego, CA 92113**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.30 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Olivares, Cesar**
**986 W La Alameda Ave**
**San Pedro, CA 90731**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.31 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Ortiz, Carlos**
**325 Jensen Road**
**Newman, CA 95360**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.32 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Pal, Shalen**
**14911 Canyon Road East**
**Puyallup, WA 98375**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.33 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Patterson, James**
**3606 Edison Lane**
**Rosharon, TX 77583**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **Stoneway Capital Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**3.34** | Nonpriority creditor's name and mailing address

**Pedroso Frometa, Maykel**
912 Duke Ave
Odessa, TX 79765

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

**3.35** | Nonpriority creditor's name and mailing address

**Perez Sandoval, Fabricio**
17807 Lakecrest View Dr
Cypress, TX 77433

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

**3.36** | Nonpriority creditor's name and mailing address

**Portillo Cruz, Marvin**
7139 Hazeltine Ave
Apt 213
Van Nuys, CA 91405

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

**3.37** | Nonpriority creditor's name and mailing address

**Post, Billy**
13363 County Road 228
Bedias, TX 77831

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

**3.38** | Nonpriority creditor's name and mailing address

**Quintanilla, Andrez**
17841 Daffodil Hill St
Lathrop, CA 95330

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

**3.39** | Nonpriority creditor's name and mailing address

**Raimundo, Jesus**
7749 Locust Ave
Fontana, CA 92336

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

**3.40** | Nonpriority creditor's name and mailing address

**Rico Bravo, Jesus**
917 N Beechwood Ave
Rialto, CA 92376

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

Case 6:25-bk-12346-SY    Doc 1    Filed 04/14/25    Entered 04/14/25 15:04:14    Desc
Main Document        Page 31 of 51

| Debtor | **Stoneway Capital Corporation** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**3.41** | Nonpriority creditor's name and mailing address

**Rider, Broderick**
**7342 Cave Drive**
**Dallas, TX 75249**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.42** | Nonpriority creditor's name and mailing address

**Rivas Zambrano, Julio**
**225256 Hufsmith Kohrville Rd**
**Tomball, TX 77375**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.43** | Nonpriority creditor's name and mailing address

**Rojas Barahona, Nancy**
**10112 SE Holgate Blvd**
**Portland, OR 97266**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.44** | Nonpriority creditor's name and mailing address

**Roman Ocampo, Jose**
**5317 Mar Grande Drive**
**Bakersfield, CA 93307**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.45** | Nonpriority creditor's name and mailing address

**Sabedra, John**
**9006 Ivy Spring Lane**
**Houston, TX 77088**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.46** | Nonpriority creditor's name and mailing address

**Sanchez Aguilar, Pedro**
**32753 S Verna St**
**Woodburn, OR 97071**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.47** | Nonpriority creditor's name and mailing address

**Sanchez Calvillo, Hugo**
**9239 Pinyon Ct**
**Fontana, CA 92335**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

Case 6:25-bk-12346-SY    Doc 1    Filed 04/14/25    Entered 04/14/25 15:04:14    Desc
Main Document       Page 32 of 51

| Debtor | **Stoneway Capital Corporation** | Case number (if known) |
|---|---|---|
| | Name | |

| 3.48 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|
| | **Sandoval Crespo, Juan** | ☐ Contingent | |
| | **348 N Muscat Ct** | ☐ Unliquidated | |
| | **Earlimart, CA 93219** | ■ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim: _ | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.49 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|
| | **Shaffer, Joseph** | ☐ Contingent | |
| | **402 Free Timber Lane** | ☐ Unliquidated | |
| | **Stockdale, TX 78160** | ■ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim: _ | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.50 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|
| | **Singh, Amrik** | ☐ Contingent | |
| | **6798 W Beechwood Ave** | ☐ Unliquidated | |
| | **Fresno, CA 93722** | ■ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim: _ | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.51 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|
| | **Sosa Pineda, Rene** | ☐ Contingent | |
| | **13854 Rayberry Street** | ☐ Unliquidated | |
| | **Victorville, CA 92392** | ■ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim: _ | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.52 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $475.00 |
|---|---|---|---|
| | **Vonage** | ☐ Contingent | |
| | **101 Crawfords Corner Road** | ☐ Unliquidated | |
| | **Ste 2416** | ☐ Disputed | |
| | **Holmdel, NJ 07733** | | |
| | Date(s) debt was incurred  5/22 | Basis for the claim: _ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.53 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|
| | **Wembo, Armand** | ☐ Contingent | |
| | **2660 S Pitkin Way** | ☐ Unliquidated | |
| | **Aurora, CO 80013** | ■ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim: _ | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.54 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|
| | **Wilson, Ashley Jean** | ☐ Contingent | |
| | **43542 Kirkland Ave** | ☐ Unliquidated | |
| | **#285** | ■ Disputed | |
| | **Lancaster, CA 93535** | | |
| | Date(s) debt was incurred _ | Basis for the claim: _ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| Debtor | **Stoneway Capital Corporation** | Case number (if known) |
|---|---|---|
| | Name | |

| 3.55 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Wyche, Seitu**
**16352 Pebble Beach Dr**
**Apt 112**
**Victorville, CA 92395**

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

---

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 6,975.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 6,975.00 |

**Fill in this information to identify the case:**

Debtor name    **Stoneway Capital Corporation**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206G
# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name     **Stoneway Capital Corporation**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)  _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                      12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

Column 1: Codebtor                                             Column 2: Creditor

| | Name | Mailing Address | | | | Name | Check all schedules that apply: |
|---|---|---|---|---|---|---|---|
| 2.1 | _____ | Street | | | | _____ | ☐ D ☐ E/F ☐ G |
| | | City | State | Zip Code | | | |
| 2.2 | _____ | Street | | | | _____ | ☐ D ☐ E/F ☐ G |
| | | City | State | Zip Code | | | |
| 2.3 | _____ | Street | | | | _____ | ☐ D ☐ E/F ☐ G |
| | | City | State | Zip Code | | | |
| 2.4 | _____ | Street | | | | _____ | ☐ D ☐ E/F ☐ G |
| | | City | State | Zip Code | | | |

Official Form 206H                      Schedule H: Your Codebtors                      Page 1 of 1

**Fill in this information to identify the case:**

Debtor name   **Stoneway Capital Corporation**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   _____

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy      04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:   Income**

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:** From  1/01/2025 to Filing Date | ☐ Operating a business ☐ Other _____ | $153,055.00 |
   | **For prior year:** From  1/01/2024 to 12/31/2024 | ☐ Operating a business ☐ Other _____ | $1,957,572.00 |
   | **For year before that:** From  1/01/2023 to 12/31/2023 | ☐ Operating a business ☐ Other _____ | $991,420.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

   | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   |---|---|---|

**Part 2:   List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

| Debtor | **Stoneway Capital Corporation** | Case number *(if known)* | |

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

**5.   Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

**6.   Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

---

**Part 3:   Legal Actions or Assignments**

**7.   Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

**8.   Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

---

**Part 4:   Certain Gifts and Charitable Contributions**

**9.   List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:   Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

Debtor    **Stoneway Capital Corporation** _____    Case number *(if known)* _____

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | | |

**Part 6:    Certain Payments or Transfers**

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| **11.1.   Michaesel G. Spector** | | | $10,000.00 |
| Email or website address | | | |
| Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

| Debtor | **Stoneway Capital Corporation** | | Case number *(if known)* | |
| --- | --- | --- | --- | --- |

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |

<hr>

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

<hr>

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
| --- | --- | --- | --- | --- |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
| --- | --- | --- | --- |

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
| --- | --- | --- | --- |

<hr>

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

Debtor   **Stoneway Capital Corporation** _____     Case number *(if known)* _____

---

**Part 12:   Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1.  Stoneway Capital Corporation 4310 Redwood Highway Suite 200 San Rafael, CA 94903 | Commercial Lending and Leasing | Dates business existed EIN:        47-2769075 From-To |

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | | Date of service From-To |
|---|---|---|

---

| Debtor | Stoneway Capital Corporation | Case number *(if known)* |
|---|---|---|

| | Name and address | Date of service From-To |
|---|---|---|
| 26a.1. | **Churley, Michael**<br>**PO Box 1800**<br>**Guerneville, CA 95446** | **25 Years** |
| 26a.2. | **Stanley, Dawn**<br>**5897 Melita Road**<br>**Santa Rosa, CA 95409** | **25 Years** |
| 26a.3. | **Stone, David**<br>**4310 Redwood Highway**<br>**Suite 100**<br>**San Rafael, CA 94903** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | Date of service From-To |
|---|---|---|
| 26b.1. | **Stanley, Dawn**<br>**5897 Melita Road**<br>**Santa Rosa, CA 95409** | **25 Years** |

| | Name and address | Date of service From-To |
|---|---|---|
| 26b.2. | **Churley, Michael**<br>**PO Box 1800**<br>**Guerneville, CA 95446** | **25 Years** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

Name and address

## 27. Inventories
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| David R. Stone | | President | 100 |

Official Form 207        Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy        page 6

Debtor    **Stoneway Capital Corporation** _____    Case number *(if known)* _____

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

    ■ No
    ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

    ■ No
    ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

    ■ No
    ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

    ■ No
    ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April  8, 2025** _____

_David R. Stone (signature)_      **David R Stone** _____
Signature of individual signing on behalf of the debtor      Printed name

Position or relationship to debtor    **President** _____

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael G. Spector<br>2122 N. Broadway<br>Santa Ana, CA 92706<br>714-835-3130 Fax: 714-558-7435<br>California State Bar Number: 145035 CA<br>mgspector@aol.com | |

☐   Debtor(s) appearing without an attorney

■   Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>        **Stoneway Capital Corporation**<br><br><br><br><br><br>                                                 Debtor(s). | CASE NO.:<br>CHAPTER: 7<br><br><br>**VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
|---|---|

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __2__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date:  **April 8, 2025** _____

X _____
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date:  **April 8, 2025** _____

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015

**F 1007-1.MAILING.LIST.VERIFICATION**

Stoneway Capital Corporation
4310 Redwood Highway
Suite 200
San Rafael, CA 94903

Michael G. Spector
Law Offices of Michael G. Spector
2122 N. Broadway
Santa Ana, CA 92706

Anderson Jr, Ernest
1237 Greystone Lane
Pensacola, FL 32514

Arnero, Miriam
431 L Thompson
Cedar Hill, TX 75104

Bohaichuk, Mykahilo
2421 Haydn St
Woodstock, IL 60098

Bolanos, Hector
306 Huntington Drive
Temple, GA 30179

Bolanos, Luis
13955 Rincon Rd
Apple Valley, CA 92307

Bruggenkamp, Linda
6372 Mormon Tea Way
Reno, NV 89511

Cajaraville, Sergio
19351 Grand Colony
Katy, TX 77449


Campos, Brandon
4900 N Grand Ave
Apt 135
Covina, CA 91724


Castro Rubio, Gilberto
3810 Stathem St
Riverdale, CA 93656


Comcast
1701 JFK Blvd
Philadelphia, PA 19103


Contreras, Maria
1135 E Harvard Blvd
Santa Paula, CA 93060


Ervin Jr, Charles
3273 Cannes Ave
Riverside, CA 92501


Experian Credit Solutions
475 Anton Blvd
Costa Mesa, CA 92626


Franchise Tax Board
Bankruptcy Section, MS: A-340
Sacramento, CA 95812-2952

Franco, Daniel
11794 Vermont Ave
Rancho Cucamonga, CA 91730


Guerrero Ramos, Raymond
50 Prickly Pear Cactus Rd
Glendale, AZ 85301


Hernandez, Martin
6603 Almeria Ave
Fontana, CA 92336


Huezo, Jimmey
12662 1/4 Bradley Ave
Sylmar, CA 91342


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Jackson, Darron
6311 Kashmere St
Houston, TX 77026


Joya Alvarado, Jose
10401 Beckford Ave
Porter Ranch, CA 91326


Kellewood, Brandon
28 Road 5590
Farmington, NM 87401

Linares, Jose
15889 Sueno Lane
Victorville, CA 92394


Loera, Jose
11109 S Avenue L
Chicago, IL 60617


Lopes Da Silva, Antonio
443 Hickory Course Loop
Ocala, FL 34472


Martinez Maltez, Larry
6823 Titanium Gray Ct
North Las Vegas, NV 89086


Mawire, Lovemore
1732 Valley View Lane
Apt 1104
Irving, TX 75061


Mengarelli, John
26 St Rt 28 #1365
Crystal Bay, NV 89402


Mey, Channak
11115 Sawtooth Ct
Adelanto, CA 92301


Minor, Emmett
5225 Las Colinas Blvd
Apt 3071
Irving, TX 75039

Morton, Justin
10802 S Interstate 35
Apt 133
Austin, TX 78747


Navarro, Margarito
795 E Calle Esplendor
Nogales, AZ 85621


Noriega Rascon, Carlos
426 Milbrae St
San Diego, CA 92113


Olivares, Cesar
986 W La Alameda Ave
San Pedro, CA 90731


Ortiz, Carlos
325 Jensen Road
Newman, CA 95360


Pal, Shalen
14911 Canyon Road East
Puyallup, WA 98375


Patterson, James
3606 Edison Lane
Rosharon, TX 77583


Pedroso Frometa, Maykel
912 Duke Ave
Odessa, TX 79765

Perez Sandoval, Fabricio
17807 Lakecrest View Dr
Cypress, TX 77433


Portillo Cruz, Marvin
7139 Hazeltine Ave
Apt 213
Van Nuys, CA 91405


Post, Billy
13363 County Road 228
Bedias, TX 77831


Quintanilla, Andrez
17841 Daffodil Hill St
Lathrop, CA 95330


Raimundo, Jesus
7749 Locust Ave
Fontana, CA 92336


Rico Bravo, Jesus
917 N Beechwood Ave
Rialto, CA 92376


Rider, Broderick
7342 Cave Drive
Dallas, TX 75249


Rivas Zambrano, Julio
225256 Hufsmith Kohrville Rd
Tomball, TX 77375

Rojas Barahona, Nancy
10112 SE Holgate Blvd
Portland, OR 97266


Roman Ocampo, Jose
5317 Mar Grande Drive
Bakersfield, CA 93307


Sabedra, John
9006 Ivy Spring Lane
Houston, TX 77088


Sanchez Aguilar, Pedro
32753 S Verna St
Woodburn, OR 97071


Sanchez Calvillo, Hugo
9239 Pinyon Ct
Fontana, CA 92335


Sandoval Crespo, Juan
348 N Muscat Ct
Earlimart, CA 93219


Shaffer, Joseph
402 Free Timber Lane
Stockdale, TX 78160


Singh, Amrik
6798 W Beechwood Ave
Fresno, CA 93722

Sosa Pineda, Rene
13854 Rayberry Street
Victorville, CA 92392


State Board of Equalization


Vonage
101 Crawfords Corner Road
Ste 2416
Holmdel, NJ 07733

Wembo, Armand
2660 S Pitkin Way
Aurora, CO 80013

Wilson, Ashley Jean
43542 Kirkland Ave
#285
Lancaster, CA 93535

Wyche, Seitu
16352 Pebble Beach Dr
Apt 112
Victorville, CA 92395

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3550 Vine Street, Suite 210, Riverside, CA 92507.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO OPERATE DEBTOR'S BUSINESS UNDER 11 U.S.C. § 721; MEMORANDUM OF POINTS OF AUTHORITIES; DECLARATION OF CHARLES DAFF IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  May 28, 2025  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lynda T Bui**    lbui@shulmanbastian.com, ecf.filings@shbllp.com
- **Charles W Daff (TR)**    charleswdaff@gmail.com, c122@ecfcbis.com
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
- **Michael G Spector**    mgspector@aol.com, mgslawoffice@aol.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  May 28, 2025 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Debtor*
**Stoneway Capital Corporation**
4310 Redwood Highway, Suite 200
San Rafael, CA 94903

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  May 28, 2025 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery**
The Honorable Scott H. Yun
U.S. Bankruptcy Court
3420 Twelfth Street Bin outside of Courtroom 302
Riverside, CA 92501

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 28, 2025 | Tonia Wooten | /s/ Tonia Wooten |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**