CHARLES W. DAFF, BAR NO 76178
100 Spectrum Center Dr., Suite 600
Irvine, CA 92618
Tel: 657-218-4800
Fax: 657-218-4858
*Email: charleswdaff@gmail.com*

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| **In re** <br><br> **STONEWAY CAPITAL CORPORATION** <br> **Debtors.** | Case No. 6:25-bk-12346 SY <br><br> **Chapter 7** <br><br> **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY HAHN FIFE & COMPANY LLP AS ACCOUNTANT PURSUANT TO 11 U.S.C. §327(a); DECLARATION OF DONALD T. FIFE IN SUPPORT** <br><br> **[NO HEARING REQUIRED]** |

TO THE HONORABLE SCOTT YUN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

The Chapter 7 Trustee, Charles W. Daff ("Trustee" or "Applicant") of the Bankruptcy Estate described above, respectfully files this Application for entry of a Court Order authorizing the employment of Hahn Fife & Company LLP as the Trustee's accountant in this case pursuant to 11 U.S.C. §327(a) with compensation pursuant to 11 U.S.C. § 330 (the "Application").

//
///

1. PROCEDURAL HISTORY

On April 14, 2024, Debtors filed a petition for bankruptcy under Chapter 7 of Title 11 (the "Petition Date"). Charles W. Daff was appointed as Chapter 7 Trustee.

2. SERVICES TO BE PERFORMED

Applicant proposes to employ Hahn Fife & Company, LLP ("Hahn Fife" or the "Firm") pursuant to Section 327(a) to provide accounting services to the bankruptcy estate that include valuation and assistance in sale of Debtors' interest in commercial leased vehicles, the collection and servicing of the leases as accounts receivable by hiring the bookkeeper of the debtor, the appraisal of value for the liquidation of leases, review and analyze the accounting records for avoidable transfers, preparing and filing necessary state and federal estate tax returns, review of financial documents and any other reasonable duties assigned by the Trustee.

3. QUALIFICATIONS OF THE FIRM

As indicated by the attached Declaration of Donald T. Fife (the "Fife Declaration"), Hahn Fife is experienced in bankruptcy accounting matters, including those involving trustees, bankruptcy estates, and tax matters included in bankruptcy estates. The firm is competent to perform the requisite accounting services in this case. The members' breadth of experience and length of service is described in the resumes copies of which are attached as Exhibit "1."

4. THE FIRM IS DISINTERESTED

1. Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with the Debtor or the Debtor's attorneys or accountants, the Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

2. Based on the foregoing, the Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code Section 101(14).

2

APPLICATION TO EMPLOY ACCOUNTANT

3.     The Firm does not have an interest adverse to the Debtors or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by the Debtors.

To the best of the Firm's knowledge, and as set forth in the attached Fife Declaration, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

5.    COMPENSATION PROCEDURE

Applicant proposes to retain Hahn Fife upon the following basis: Except as the Court may otherwise determine, after due notice, Hahn Fife will petition the Court under 11 U.S.C. Sections 330 for an allowance of fees and reimbursable costs not more often than every 120 days. The petition will be heard upon notice to necessary parties. Hahn Fife will accept compensation and reimbursements of expenses in such amounts that the Court may award. There will be no written employment agreement apart from this Application. The only source of payment or compensation will be the estate. No retainer has been paid or is being proposed to Hahn Fife.

The Firm has advised the Trustee that the Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

6.    CONCLUSION

Trustee respectfully requests an order: (1) authorizing the employment of Hahn Fife as accountants with an effective date of May 28, 2025, as an administrative expense of the estate upon the terms and conditions in this application; (2) granting for such other and further relief as is just and proper.

| | |
|---|---|
| Dated: 05/28/2025 | Respectfully submitted, |
| | By: _____CDK_____ |
| | Charles W. Daff |
| | Chapter 7 Trustee |

4

APPLICATION TO EMPLOY ACCOUNTANT

## DECLARATION OF DONALD T. FIFE

I, Donald T. Fife, declare as follows:

1. I am a duly-licensed certified public accountant in the State of California and a Partner in the firm of Hahn Fife & Company, LLP. I make this Declaration in support of the Trustee Application to Employ Hahn Fife in this case as the estate's accountant pursuant to 11 U.S.C. §372(a).

2. I have personal knowledge of the facts in this Declaration and, if called as a witness, could competently testify to these facts.

3. The firm is experienced in bankruptcy matters, including those involving trustees, bankruptcy estates, and issues relating to the tax effects from sale of estate assets. I am competent to perform the requisite accounting services in this case. The firm's breadth of experience and length of service is described in my resume, a copy of which is attached as Exhibit "1."

4. The firm is familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and will comply with the Code and Rules.

5. I agree to the terms and conditions of employment in the foregoing application. I am willing to accept compensation and reimbursement of expenses in such amounts that the Court may award. I understand that my compensation may be modified under U.S.C. Section 330, if so warranted. No retainer has been paid or is being proposed to me.

6. The Firm completed a conflict check prior to submitting this Application.

7. To the best of my knowledge, neither the Firm, nor any of the persons comprising or employed by it, has any connection with the Debtor or the Debtor's attorneys or accountants, the Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

8. The Firm is not and was not an investment banker for any outstanding security of the Debtor.

9. The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such

5

APPLICATION TO EMPLOY ACCOUNTANT

an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

10. The Firm is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

11. As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder or an insider of the Debtor. The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by the Debtor.

12. The Firm neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

13. To the best of my knowledge, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

14. The Firm does not have an interest adverse to the Debtor or the bankruptcy Estate.

15. Based on the foregoing, the Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

After conducting or supervising the investigation described in Paragraph 6 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 7 through 15 are stated on information and belief.

Executed on ___May 28___, 2025, at Pasadena, California.

_____
DONALD T. FIFE

5

APPLICATION TO EMPLOY ACCOUNTANT

## DECLARATION OF CHARLES W DAFF

I, Charles W. Daff, declare as follows:

1. I am a duly licensed attorney in the State of California, Bar No. 76178, and am qualified to serve as a Chapter 7 Trustee. I was appointed as the Chapter 7 Trustee in the above-captioned case following the Debtor's petition filing on April 14, 2024. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could competently testify to these facts.

2. Based on my preliminary review of the Debtor's business and assets, the bankruptcy estate requires specialized accounting services that are beyond the scope of routine trustee administration. The Debtor, Stoneway Capital Corporation, operated a commercial vehicle leasing business with complex financial arrangements that require professional accounting expertise to properly administer the estate and maximize recoveries for creditors.

3. The estate's accounting needs include valuation and assistance in the sale of the Debtor's interests in commercial leased vehicles. The Debtor maintained a portfolio of commercial vehicle leases that must be properly valued and liquidated to generate recoveries for the estate. This process requires specialized knowledge of commercial vehicle markets and lease valuation methodologies that exceed my expertise as Trustee.

4. The estate also requires collection and servicing of leases as accounts receivable, including the potential employment of the Debtor's former bookkeeper to assist in this process. The Debtor's lease portfolio represents a significant potential source of recovery for creditors, but proper collection requires specialized accounting knowledge and potentially forensic analysis of the underlying lease agreements and payment histories.

5. Professional accounting services are necessary to conduct appraisals of liquidation values for the lease portfolio and to review and analyze the Debtor's accounting records to identify potential avoidable transfers. Given the complexity of the Debtor's business operations and the potential for preferential transfers or fraudulent conveyances, specialized forensic accounting expertise is essential to protect the interests of the estate and its creditors.

6. The estate will also require preparation and filing of necessary state and federal estate

tax returns, as well as ongoing review of financial documents and other accounting duties as required for proper estate administration. These tax compliance obligations require specialized knowledge of bankruptcy tax law and estate taxation that is beyond the scope of my duties as Trustee.

7. After considering the complexity of the estate's accounting needs, I determined that specialized bankruptcy accounting expertise was essential for proper administration of this case. I selected Hahn Fife & Company LLP based on their extensive experience in bankruptcy accounting matters, particularly involving trustees and bankruptcy estates.

8. Donald T. Fife, the principal of the firm, has over 30 years of experience in accounting, bankruptcy, turnaround, taxation, and fraud investigation. His background includes service with major accounting firms and specialized practice in bankruptcy, turnaround, and litigation support matters. The firm's expertise directly addresses the accounting needs of this estate, including asset valuation, forensic accounting, and tax services.

9. The firm has demonstrated familiarity with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules, and has committed to comply with all applicable requirements. The proposed hourly rate of $530.00 for Mr. Fife's services is reasonable given his level of expertise and the specialized nature of the services required.

10. Based on my investigation and the representations made by Donald T. Fife in his attached Declaration, I believe that Hahn Fife & Company LLP qualifies as a "disinterested person" within the meaning of 11 U.S.C. § 101(14). The firm has no connection with the Debtor, its attorneys, accountants, creditors, or other parties in interest that would create a conflict of interest or disqualify them from employment.

11. The firm was not a creditor of the estate as of the petition date and was not owed any funds by the Debtor. The firm does not hold any interest materially adverse to the estate or any class of creditors or equity security holders. The firm has completed a thorough conflict check and confirmed that no disqualifying relationships exist.

12. The employment arrangement proposed is reasonable and in the best interests of the estate. The firm will seek court approval for fees and expenses no more often than every 120

days pursuant to 11 U.S.C. § 330, with compensation limited to amounts approved by the Court. The only source of payment will be the bankruptcy estate, and no retainer has been paid or is proposed.

13. The firm has represented that it has not agreed to share compensation with any other party except among its own partners. This arrangement ensures that the firm's loyalty remains with the estate and that there are no undisclosed compensation arrangements that might compromise the firm's independence.

14. The employment of Hahn Fife & Company LLP is necessary and in the best interests of the estate and its creditors. The specialized accounting services required exceed my capabilities as Trustee, and professional accounting expertise is essential to maximize recoveries for creditors through proper asset valuation and collection of receivables.

15. The firm's experience in bankruptcy matters will help identify and pursue potential avoidable transfers, which could result in significant recoveries for the estate. Additionally, proper tax compliance requires specialized knowledge that the firm possesses, and failure to obtain such expertise could expose the estate to tax liabilities that would reduce distributions to creditors.

16. The cost of professional accounting services is justified by the potential recovery benefits to the estate. Given the complexity of the Debtor's business operations and the specialized nature of the assets involved, professional assistance is necessary to ensure that the estate's assets are properly valued, collected, and liquidated for the benefit of creditors.

17. Based on the foregoing, I respectfully request that the Court authorize my employment of Hahn Fife & Company LLP as accountant for the bankruptcy estate, effective May 28, 2025, upon the terms and conditions set forth in the Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct executed on May 28, 2025, at Irvine, California.



Charles W Daff

**EXHIBIT 1**

## **_Firm Statement of Qualifications_**

The Firm was formed in September of 2003 and provides accounting and consulting services relating primarily to bankruptcy, litigation, turnaround, fraud and receivership matters. The Firm's professionals have extensive experience and training in these specialized fields of accounting practice and have served a broad range of clients in Southern California for many years. Following are brief summaries of the qualifications of firm's current professional staff. It is expected that the Firm will add professional staff as required to serve client needs.

### *Donald T. Fife, CPA*

Mr. Fife currently practices exclusively in bankruptcy, turnaround and litigation consulting, providing services such as financial analysis, forensic accounting, tax services and expert witness testimony. He serves clients such as bankruptcy trustees, creditors, debtors, creditor's committees and parties to civil litigation.

Mr. Fife has over 30 years of business and financial experience in accounting, bankruptcy, turnaround, taxation and fraud investigation. He formerly practiced as an accountant and consultant with Price Waterhouse, FTI Policano & Manzo, PHB Hagler Bailly, Inc., Biggs & Company and Spicer & Oppenheim. Over the last 25 years, his career has been concentrated in the areas of bankruptcy, turnaround, and litigation support.

Mr. Fife is a Certified Public Accountant licensed in California. He is also a member of the American Institute of Certified Public Accountants, the California Society of CPA's, the National Association of Bankruptcy Trustees, the American Bankruptcy Institute, and the California Bankruptcy Forum. He received his bachelor's degree in Business Administration/Accounting from California State University at Los Angeles.

Hourly Rate: $530.00

## RATES FOR REIMBURSEMENT OF INCURRED EXPENSES
## HAHN FIFE & COMPANY, LLP

| | |
|---|---|
| PHOTOCOPYING | $0.10 PER PAGE |
| TELECOPIER - INCOMING | $0.15 PER PAGE |
| OUTGOING | $1.00 PER PAGE |
| MILEAGE | $0.27 PER MILE |
| TELEPHONE | ACTUAL COST |
| POSTAGE | ACTUAL COST |
| MESSENGER | ACTUAL COST |
| OVERNIGHT MAIL | ACTUAL COST |
| ON-LINE COMPUTER RESEARCH | ACTUAL COST |
| FILING FEES | ACTUAL COST |
| DEPOSITION OR WITNESS FEES | ACTUAL COST |
| PARKING | ACTUAL COST |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
100 Spectrum Center Dr., Suite 600, Irvine, CA 92618

A true and correct copy of the foregoing document entitled:  **Notice of Motion for Order without Hearing Pursuant to LBR 9013-1(o) ; Trustee's Application to Employ Hahn Fife & Company LLP as Accounts with Proof of Service**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **05/28/2025** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail

Lynda T Bui    lbui@shulmanbastian.com, ecf.filings@shbllp.com
Charles W Daff (TR)    charleswdaff@gmail.com, c122@ecfcbis.com
Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **05/28/2025** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Hon. Scott Yun, US Bankruptcy Court, 3420 Twelfth St., Riverside, CA 92501**

X Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/28/2025 | Charles W Daff | /s/ Charles W Daff |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 3              F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0973-6<br>Case 6:25-bk-12346-SY<br>Central District of California<br>Riverside<br>Wed May 28 12:51:06 PDT 2025 | Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | Franchise Tax Board<br>Bankruptcy Section MS: A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 |
| Stoneway Capital Corporation<br>4310 Redwood Highway, Suite 200<br>San Rafael, CA 94903-2145 | Riverside Division<br>3420 Twelfth Street,<br>Riverside, CA 92501-3819 | Anderson Jr, Ernest<br>1237 Greystone Lane<br>Pensacola, FL 32514-9568 |
| Arnero, Miriam<br>431 L Thompson<br>Cedar Hill, TX 75104-5001 | Bohaichuk, Mykahilo<br>2421 Haydn St<br>Woodstock, IL 60098-8045 | Bolanos, Hector<br>306 Huntington Drive<br>Temple, GA 30179-6515 |
| Bolanos, Luis<br>13955 Rincon Rd<br>Apple Valley, CA 92307-5650 | Bruggenkamp, Linda<br>6372 Mormon Tea Way<br>Reno, NV 89511-4382 | Cajaraville, Sergio<br>19351 Grand Colony<br>Katy, TX 77449-4566 |
| Campos, Brandon<br>4900 N Grand Ave<br>Apt 135<br>Covina, CA 91724-1090 | Castro Rubio, Gilberto<br>3810 Stathem St<br>Riverdale, CA 93656-9233 | Comcast<br>1701 JFK Blvd<br>Philadelphia, PA 19103-2899 |
| Contreras, Maria<br>1135 E Harvard Blvd<br>Santa Paula, CA 93060-3723 | Ervin Jr, Charles<br>3273 Cannes Ave<br>Riverside, CA 92501-1241 | Experian Credit Solutions<br>475 Anton Blvd<br>Costa Mesa, CA 92626-7037 |
| Franchise Tax Board<br>Bankruptcy Section, MS: A-340<br>Sacramento, CA 95812-2952 | Franco, Daniel<br>11794 Vermont Ave<br>Rancho Cucamonga, CA 91730-8291 | Guerrero Ramos, Raymond<br>50 Prickly Pear Cactus Rd<br>Glendale, AZ 85301 |
| Hernandez, Martin<br>6603 Almeria Ave<br>Fontana, CA 92336-1302 | Huezo, Jimmey<br>12662 1/4 Bradley Ave<br>Sylmar, CA 91342-4787 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Jackson, Darron<br>6311 Kashmere St<br>Houston, TX 77026-1627 | Joya Alvarado, Jose<br>10401 Beckford Ave<br>Porter Ranch, CA 91326-3303 | Kellewood, Brandon<br>28 Road 5590<br>Farmington, NM 87401-1455 |
| Linares, Jose<br>15889 Sueno Lane<br>Victorville, CA 92394-1744 | Loera, Jose<br>11109 S Avenue L<br>Chicago, IL 60617-6916 | Lopes Da Silva, Antonio<br>443 Hickory Course Loop<br>Ocala, FL 34472-4392 |

Martinez Maltez, Larry
6823 Titanium Gray Ct
North Las Vegas, NV 89086-1743

Mawire, Lovemore
1732 Valley View Lane
Apt 1104
Irving, TX 75061-3525

Mengarelli, John
26 St Rt 28 #1365
Crystal Bay, NV 89402-8048


Mey, Channak
11115 Sawtooth Ct
Adelanto, CA 92301-4620

Minor, Emmett
5225 Las Colinas Blvd
Apt 3071
Irving, TX 75039-4569

Morton, Justin
10802 S Interstate 35
Apt 133
Austin, TX 78748


Navarro, Margarito
795 E Calle Esplendor
Nogales, AZ 85621-1445

Noriega Rascon, Carlos
426 Milbrae St
San Diego, CA 92113-1733

Olivares, Cesar
986 W La Alameda Ave
San Pedro, CA 90731-2339


Ortiz, Carlos
325 Jensen Road
Newman, CA 95360-2714

Pal, Shalen
14911 Canyon Road East
Puyallup, WA 98375-7375

Patterson, James
3606 Edison Lane
Rosharon, TX 77583-1200


Pedroso Frometa, Maykel
912 Duke Ave
Odessa, TX 79765-2109

Perez Sandoval, Fabricio
17807 Lakecrest View Dr
Cypress, TX 77433-3715

Portillo Cruz, Marvin
7139 Hazeltine Ave
Apt 213
Van Nuys, CA 91405-3277


Post, Billy
13363 County Road 228
Bedias, TX 77831

Quintanilla, Andrez
17841 Daffodil Hill St
Lathrop, CA 95330-9367

Raimundo, Jesus
7749 Locust Ave
Fontana, CA 92336-2836


Rico Bravo, Jesus
917 N Beechwood Ave
Rialto, CA 92376-8703

Rider, Broderick
7342 Cave Drive
Dallas, TX 75249-1303

Rivas Zambrano, Julio
225256 Hufsmith Kohrville Rd
Tomball, TX 77375


Rojas Barahona, Nancy
10112 SE Holgate Blvd
Portland, OR 97266-2417

Roman Ocampo, Jose
5317 Mar Grande Drive
Bakersfield, CA 93307-6979

Sabedra, John
9006 Ivy Spring Lane
Houston, TX 77088-1829


Sanchez Aguilar, Pedro
32753 S Verna St
Woodburn, OR 97071-7700

Sanchez Calvillo, Hugo
9239 Pinyon Ct
Fontana, CA 92335-5539

Sandoval Crespo, Juan
348 N Muscat Ct
Earlimart, CA 93219


Shaffer, Joseph
402 Free Timber Lane
Stockdale, TX 78160-3213

Singh, Amrik
6798 W Beechwood Ave
Fresno, CA 93722-7991

Sosa Pineda, Rene
13854 Rayberry Street
Victorville, CA 92392-0455

| | | |
|---|---|---|
| United States Trustee (RS)<br>3801 University Avenue, Suite 720<br>Riverside, CA 92501-3255 | Vonage<br>101 Crawfords Corner Road<br>Ste 2416<br>Holmdel, NJ 07733-1980 | Wembo, Armand<br>2660 S Pitkin Way<br>Aurora, CO 80013-1556 |
| Wilson, Ashley Jean<br>43542 Kirkland Ave<br>#285<br>Lancaster, CA 93535-6607 | Wyche, Seitu<br>16352 Pebble Beach Dr<br>Apt 112<br>Victorville, CA 92395-4465 | Charles W Daff (TR)<br>100 Spectrum Center Drive<br>Suite 600<br>Irvine, CA 92618-4969 |

(p)MICHAEL G SPECTOR ESQ
ATTN LAW OFFICES OF MICHAEL G SPECTOR
2122 N BROADWAY
SANTA ANA CA 92706-2614


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Michael G Spector
Law Offices of Michael G. Spector
2122 N. Broadway
Santa Ana, CA 92706


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)State Board of Equalization | (u)Catherine Thomas | (u)Charles Dimick |


End of Label Matrix
Mailable recipients    66
Bypassed recipients     3
Total                  69